We granted writs of certiorari in the above matter to consider the ruling of the Court below in excluding all fingerprint evidence from the trial of this matter. Trial was scheduled for April 12,1983, but was stayed by this Court so that we could review the application filed by the State of Louisiana.
On January 24,1983 the trial court issued an order in response to defendant’s discovery motions which stated in part:
“IT IS FURTHER ORDERED that the State of Louisiana allow the attorneys for Louis Hyde and Ricky M. Laprime, along with their fingerprint expert, to examine the surfaces on which the alleged fingerprints of Louis Hyde and Ricky M. La-prime were lifted at the residence of Eduardo Aguilar at Chalmette, Louisiana at 9:00 a.m. on Saturday, January 29, 1983 and to produce at that time the police officer or officers who allegedly lifted said prints who shall point out to the defense the exact location from which said prints were lifted.”
On March 9, 1983 defendant filed a motion for exclusion of the fingerprint evidence, which motion was heard and granted on April 4,1983. The defendant and the State basically agree that all parties showed up at Mr. Aguilar’s home on the specified date, but no one was home. Further, defendant contends that Officer A.J. Hernandez was the person who lifted the prints, but that he was not present on that morning. Officer Hernandez is the subject of several federal charges, and his appearance on the subject date, as well as the trial of this matter is doubtful. The State did have present two other officers who were to assist in the discovery attempt. Defendant argues that conversations with these officers reveal that their information would not be helpful in the pre-trial discovery.
Defendant sought, and was granted the sanctions provided by La.C.Cr.Pro. Article 729.5(A) which provides:
*804 “A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.”
We must disagree with the trial court in this regard. To exclude evidence under the above cited article is a very harsh sanction, and we feel it was unwarranted in this case. The record fails to reveal, and the defendant does not contend, that the State was willful in their failure to comply. In fact the defendant points out in his motion that the State was prompt in its attendance at the scheduled meeting of January 29th, and was satisfied that the Assistant District Attorney did all that was possible to ensure that someone would be at home.
The defendant does state, however, at the bottom of the second page of the motion: “It is submitted that the State has failed to permit compliance with that court order.” We disagree with that statement, as there is no evidence to indicate the State “failed to permit compliance”. To the contrary, the stumbling block was factors beyond the State’s control.
The defense has failed to show, at this time, that it has been prejudiced to such an extent as to warrant excluding the evidence on the grounds sought in the motion of March 11, 1983. There may be other reasons to exclude the subject evidence, but those are not before us at this time.
For the reasons assigned, the April 4, 1983 order of the trial court excluding the fingerprint evidence in the above matter is hereby reversed and set aside.